# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MORALES,<br><br>          Petitioner,<br><br>   v.<br><br>VENTURA COUNTY SUPERIOR COURT,<br><br>          Respondent. | Case No. 2:24-cv-02018-FLA (KES)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

     Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

     The Report and Recommendation ("Report") recommends denial of the Petition, which challenges Petitioner's pretrial detention, and dismissal of this action with prejudice. Dkt. 20. Petitioner's objections to the Report, Dkt. 21, do not warrant a change to the Magistrate Judge's findings or recommendation.

     Petitioner objects that he has overcome the Report's finding that his claims are procedurally defaulted, in light of a recent decision by the California Supreme Court. Dkt. 21 at 2-4. The Report found that Petitioner's claims challenging Judge

Ayers's bail order are procedurally defaulted because the Ventura County Superior Court denied the claims as untimely filed. Dkt. 20 at 9; Dkt. 1-1 at 1616. Petitioner objects that the California Supreme Court's recent decision in *In re Harris*, 16 Cal. 5th 292 (2024), "bears significantly on this case" and quotes extensively from that decision in stating the standards for bail determinations. Dkt. 21 at 2-3.

This objection fails to overcome the Report's conclusion that Petitioner's claims challenging Judge Ayers's bail order are procedurally defaulted. As the Report noted, to overcome the procedural default, Petitioner must show cause and prejudice. Dkt. 20 at 10. Petitioner has not shown cause, which requires him to show that his claim "is so novel that its legal basis [was] not reasonably available to counsel, [such that Petitioner] has cause for his failure to raise the claim in accordance with applicable state procedures." *Reed v. Ross*, 468 U.S. 1, 16 (1984). The California Supreme Court's ruling in *In re Harris* does not qualify as cause for Petitioner's procedural default.

Petitioner, in challenging Judge Ayers's bail order, did not rely on any legal arguments that did not become reasonably available until after *In re Harris* was decided. Instead, in his state habeas petition, Petitioner raised, in essence, two legal challenges: Judge Ayers (1) erroneously assumed the truth of the charges set out in the unverified criminal Complaint; and (2) "engaged in rote decision making again and again without stating any valid basis for detaining [Petitioner] without bail in the record or in the minutes for the sake of review." Dkt. 1-1 at 207-08, 223-24.

Legal grounds for these arguments were reasonably available to Petitioner before he filed his state habeas petition. Indeed, in his state habeas petition, Petitioner cited several supporting legal authorities in making these arguments and argued Judge Ayers had misapplied then-existing legal authorities. *Id*. (citing *United States v. Salerno*, 481 U.S. 739, 751 (1987); *In re York*, 9 Cal. 4th 1133, 1148 (1995); and *In re Humphrey*, 11 Cal. 5th 135, 155 (2021)). Thus, Petitioner

2

has not shown cause for his procedural default by virtue of the recent decision by the California Supreme Court. *See Smith v. Murray*, 477 U.S. 527, 537 (1986) ("[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all."); *see also Engle v. Isaac*, 456 U.S. 107, 130 (1982) (the perceived futility of a claim is not cause for procedural default).

The court accepts the report, findings, and recommendations of the Magistrate Judge. IT IS THEREFORE ORDERED that Judgment be entered denying the Petition with prejudice.

Dated: September 4, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge